UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM DUKES, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:17-CV-07095 |
| | ) | |
| vs. | ) | Honorable Nancy L. Maldonado |
| | ) | |
| COOK COUNTY SHERIFF'S OFFCE, | ) | Magistrate Judge Maria Valdez |
| et al. | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S
MOTION TO BAR "ACCUFLO" RECORDS AND TO
<u>ISSUE SANCTIONS AGAINST DEFENDANTS</u>**

NOW COME Defendants, S. Taylor, D. Triplett, P. Green, Q. Dunmars, L. Torres, D. Salmon, J. Rodriguez, W. Rivera, A. Qureshi, P. Miranda, J. Meraz, C. Galindo, R. Foster, and J. Ogrodnik, in their official capacities, and Cook County, a Body Politic and Corporate ("Cook County" and collectively "Defendants"), by and through their attorneys, DeVore Radunsky LLC, and for their Response in Opposition to Plaintiff's Motion to Bar "Accuflo" Records and to Issue Sanctions Against Defendants, state as follows:

**<u>INTRODUCTION</u>**

Faced with the prospect of combating evidence that eviscerates his case, Plaintiff has chosen to wrongly attack Defendants for seasonably supplementing their discovery responses in accordance with Rule 26 of the Federal Rules of Civil Procedure. Plaintiff filed this action in 2017 and thereafter alleged that there were "problems with medication administration" causing failure to provide medications "without delay" that caused him to have delayed administration or missed doses of a single medication that damaged him. (Complaint, Dkt. #7 ¶ 8). Plaintiff alleged that he had chest pains from not receiving one medication (nitroglycerin) and that he was not promptly

treated when he complained of chest pains. (First Amended Complaint, Dkt. #50 ¶¶ 17, 30-32). Plaintiff's Second Amended Complaint, filed November 14, 2019, further alleged that Plaintiff was prescribed nitroglycerin and Defendants did not "provide Plaintiff with his necessary heart disease medications without interruption." (Dkt. #90 ¶¶ 3, 46). None of Plaintiff's four complaints referenced a thousand doses or any "per dose" theory of liability for damages.

During July 2022, Plaintiff first contended that he was not administered more than 1000 doses of medication between December 2015 and January 2017. Upon receiving this new information, Defendants investigated the issue to determine if there were additional sources of information regarding medication dispersal. Defendants received the records and promptly tendered them to Plaintiff.

On July 6, 2022, Plaintiff first discussed his theory that he did not receive 1000 medication doses and that each missed dose had an assigned value. (*See* Defendants' Group Exhibit A, including Plaintiff's July 6, 2022, Settlement Demand Letter and "Missed Doses" Spreadsheet). During the prior 4.5 years, Plaintiff had not articulated his theory of the case. The timing of Plaintiff's 1000 dose theory strongly suggests that he developed the theory when he believed that Defendants had incomplete records regarding administration of Plaintiff's medication. When Defendants provided the relevant records, Plaintiff recognized that the records show the folly of Plaintiff's theory.

Defendants' comprehensive investigation into Plaintiff's newly articulated theory regarding missed doses, included (1) seeking more specific information from Plaintiff's counsel, (2) evaluating approximately 1000 pages of medical records; and (3) cross-referencing Plaintiff's 7/6/22 "missed doses" spreadsheet with voluminous records.

During this investigation, defense counsel determined that there were gaps in Plaintiff's medicine distribution records. On October 19, 2022, Cermak Health Services of Cook County Director of Operations, Linda Kampe, advised that additional records may be contained in a now defunct system named "Accuflo." (Linda Kampe Affidavit, Defendants' Exhibit B ¶ 27). The Accuflo system was an electronic medication administration documentation system used alongside the Cerner electronic medical record system, specifically in divisions without direct internet access for access to the Cerner system. (Defs.' Ex. B ¶ 9-15). Its use "was phased out in March 2017." (Defs.' Ex. B ¶ 18).

On October 21, 2022, Linda Kampe located 67 pages of records from the Accuflo system and provided to defense counsel. (Defs.' Ex. B ¶ 29). Four days later, on October 25, 2022, Defendant supplemented its discovery to include the records. This was a mere 10 days after fact discovery closed on October 15th and 3 weeks before expert disclosures were due on November 15, 2022. Dkt. #232, #240. Plaintiff chose *not* to disclose an expert or seek an extension of time to disclose experts. Instead Plaintiff chose not to do anything about these records until filing a motion to bar, almost two months later. The dispositive motion deadline is set for May 31, 2023, more than seven months after supplementing the new records.

## ARGUMENT

### I. Defendants Seasonably Supplemented Discovery and Plaintiff Suffered No Prejudice

Plaintiff's motion should be denied as baseless. Defendants timely, appropriately supplemented its document production to include records that it received four days earlier in response to Plaintiff's newly developed theory articulated a few months prior, and which indeed sparked the additional investigation that led to those records. *See* Fed. R. Civ. P. 26(e)(1)(A).

FRCP Rule 26 requires parties to "amend or seasonably supplement" their initial Rule 26(a)(1) disclosures and discovery responses if the initial disclosure or response is 'incomplete or

3

incorrect. *Physicians Healthsource, Inc. v. Allscripts Health Solutions, Inc.*, No. 12 C 3233, 2016 WL 7304074, *2 (N.D. Ill. Dec. 2, 2016) (*quoting* Fed. R. Civ. P. 26(e)(1)(A)). Courts have broad discretion to determine if a party has complied with discovery. Supplementing discovery after the close of discovery does not equate to a discovery violation. Here, Defendants complied with discovery by seasonably supplementing discovery a few days after fact discovery closed, well before trial, dispositive motions, or even expert discovery.

Yet, even if supplementing discovery were considered to violate Rule 26(a) or (e), it may be justified *or* harmless. *Dynergy Mktg. & Trade v. Multiut Corp.*, 648 F.3d 506, 514 (7th Cir. 2011); *David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir. 2003).

While they do not need to make "explicit findings concerning the existence of a substantial justification or the harmlessness of a failure to disclose[,]" (*David*, 324 F.3d at 857 (*quoting Woodworker's Supply, Inc. v. Principal Mut. Life. Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999)), the following factors guide district courts' discretion in said determination: "(1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the party to cure the prejudice; (3) the likelihood of disruption to the trial; and (4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date." *David*, 324 F.3d at 857; *see also Bronk v. Ineichen*, 54 F.3d 425, 428 (7th Cir. 1995) (*citing Spray-Rite Serv. Corp. v. Monsanto Co.*, 684 F.2d 1226, 1245 (7th Cir. 1982)); *Woodworker's Supply, Inc.*, 170 F.3d at 993.

Notably, Courts in this jurisdiction have consistently deemed appropriate supplemental production under Rule 26(e)(1)(A) after the conclusion of Fact Discovery. *See David*, 324 F.3d at 857; *Fidelity Nat. Title Ins. Co. of N.Y. v. Intercounty Nat. Title Ins. Co.*, 412 F.3d 745, 749-53 (7th Cir. 2005); *U.S. Sec. and Exch. Comm'n v. Berrettini*, Case No. 10-cv-1614, 2015 WL 5159746, *1-3 (N.D. Ill. Sept. 1, 2015).

The *U.S. Sec.*, court allowed a defendant to produce and use as evidence a tax return two years after it was discovered. *Id.* Unlike here, the defendant in *U.S. Sec.* knew about the evidence for two years - not four days - before disclosing it. *Id.* Further, there was no reason offered for defendant's failure to produce the documents for two years after it discovered them. *U.S. Sec. and Exch. Comm'n*, 2015 WL 5159746, *1-3. Yet even though the Court found defendant's failure to produce not *justified*, it allowed defendant to use the evidence because the delay was *harmless* because plaintiff had the documents three months prior to the start of trial. Here, there is no trial date and dispositive motions are not due until May 31, 2023. Nothing prevents Plaintiff from preparing his case for a dispositive motion or trial.

In *David*, defendant challenged the permittance of witness testimony as to conversations with management regarding reasons for promotion of certain employees, after plaintiff failed to supplement their Rule 26(a)(1) disclosures to identify the witness as having evidence supportive of their claims. *David*, 324 F.3d at 856-57. In support of its argument for striking the witness testimony, defendant argued *that plaintiff had learned of the conversations the witness had many years prior,* that plaintiff did not supplement her Rule 26(a)(1) disclosures to identify the witness' alleged remarks, that plaintiff had failed to supplement her answer to defendant's interrogatories requesting the identity of persons with knowledge related to the claims, and, finally, *that they had only learned of the alleged statements to be used as witness testimony days before trial*. *Id.* at 857. The Court determined that exclusion of the witness testimony was not required under Rule 37, finding no prejudice to defendant, and specifically noting that the witness had been listed a year and a half before trial, that defendant did not seek any continuance to seek additional information to rebut the testimony, and that defendant additionally introduced evidence directly rebutting the

evidence. *Id.* The Court further noted, most importantly, that there was *no showing that plaintiff's counsel had acted in bad faith* in its delay disclosing the witness. *Id.*

Here, Plaintiff cannot honestly suggest that he was prejudiced. Defendants promptly produced the records within four days of receipt and there is no motivation for Defendants to withhold this favorable evidence. Defendants have a strong interest in seasonably supplementing its discovery responses to include this additional information regarding administration of Plaintiff's medication.

Like *David* and *U.S. Sec.*, there is no prejudice to Plaintiff and the needs of discovery encourage disclosure. Unlike *U.S. Sec.,* the records here were not disclosed for the first time at the time of intended use. The Motion for Summary Judgment deadline is still almost five months away at this time. These records were also disclosed three weeks prior to the court ordered deadline for Plaintiff to disclose any experts. While, critically, this would be a reasonable amount of time for an expert to incorporate the small volume of records produced into their opinion, *In re Testosterone Replacement Therapy Products Liability Litigation*, Case No. 15-CV-2760, 2017 WL 4231087, *1-3 (N.D. Ill. Sep. 24, 2017) (denying sanction of exclusion where late supplementation of discovery, one month prior to deadline for expert report disclosure, was harmless due to records being received "reasonably promptly" and party's expert was still able to incorporate records into report), Plaintiff chose *not* to disclose an expert by the court ordered deadline, despite that he easily could have, therefore this consideration is irrelevant.

Plaintiff has also alleged that he suffered harm as a result of not having the Accuflo records prior to the four undertaken depositions of fact witnesses, and three of treating physicians; however, case law does not support that argument. Perhaps this is why Plaintiff failed to cite any case law to support his argument.

6

Illinois Courts have permitted late disclosure and seasonable supplement, even with regard to critical fact evidence, following deposition of parties and witnesses. *DR Distributors, LLC v. 21 Century Smoking, Inc.*, Case No. 12 CV 50324, 2016 WL 4077107, *1-4 (N.D. Ill. Aug. 1, 2016) (permitting late disclosure of evidence after occurrence of relevant party deposition); *see also Wilda v. JLG Industries, Inc.*, Case No. 16 CV 10088, 2019 WL 10947350, *1 (N.D. Ill. Nov. 14, 2019) (permitting late disclosure and production of training materials where timely and justified, despite that expert had been deposed already, as "any harm [p]laintiff claims to have suffered from not having those materials before he served his expert disclosures and before his experts' depositions is more the result of Plaintiff not having asked for those materials during discovery than it is the result of any sandbagging or improper conduct by Defendant."). Critically, it should be noted that, with the consideration of the Accuflo records as part of Plaintiff's administrative medical record set, the deposition testimony of deposed defendants can be seen to align truthfully with the record of dispensed medications. *See* Defendants' Exhibit C, Ashley Bloodworth Deposition, p. 127 ("*if it's ordered, I would give it as ordered. Whatever the order stated, that's what I would follow*"); *see also Id.* at p. 127 (testifying that she "*had given him his other heart medications too including the Atorvastatin and Doxazosin (Metoprolol)*" whereas distribution of these medications runs contrary to Plaintiff's missed doses theory). Ultimately, Plaintiff's counsel fully explored and flushed out his medication administration theory and opinions at the deposition of Nurse Ashley Bloodworth. (Defs.' Ex. C). The Accuflo records would not have altered her answers and would likely only have further substantiated her testimony that Plaintiff received his medications and did not miss the amounts of doses alleged.

Linda Kampe's affidavit (Defs.' Ex. B) is further evidence that the Accuflo records were not produced on October 25, 2022, in bad faith or in any attempt to sandbag Plaintiff. Unlike in

*Davis*, Linda Kampe was unaware that the records had not been produced by her staff at the time of Defendants' initial production in November 2019. (Defs.' Ex. B ¶¶ 17-26). Rather, she discovered the oversight on October 19, 2022, only six days before the records were finally produced to Plaintiff by defense counsel on October 25, 2022, pursuant to Rule 26(e)(1)(A). The records appear favorable to Defendants, completing the evidence in the record and explaining away Plaintiff's assertions regarding missed doses, so there would be incentive for Defendants to quickly produce and not withhold them upon discovery. Accordingly, Ms. Kampe produced the records as expeditiously as possible when she learned of the "1046 missed doses" issues on October 19, 2022. (Defs.' Ex. B ¶¶ 26-31). Therefore, Defendants should not be penalized for Plaintiff's strategic litigation decisions and tactics, or, rather, because the supplemental records undermined Plaintiff's key theory of the case.

Indeed, while litigation is an adversarial process and both sides must play by the rules, it should not be forgotten that the whole point is to get to the truth and deliver justice. Fed. R. Civ. P. 1. Here, the records are the tail wagging the dog. There is an underlying fact, underlying truth, of whether or not Plaintiff received over 1,000 doses of medication. Even without access to records documenting that medication distribution, Plaintiff should have known before even filing suit whether or not, on more than 1,000 occasions, he missed his medication—the records may corroborate or disprove that fact, but the real issue is the truth of what happened on those 1,000 instances, of which Plaintiff was a knowing participant. Plaintiff has not challenged the accuracy or authenticity of the Accuflo records. Rather, Plaintiff is asking this Court to help hide the truth by barring Defendants from using records that show Plaintiff did not in fact miss 1,000 doses of medication, an underlying fact Plaintiff knew years ago. Similarly, the only real "prejudice" Plaintiff can claim from the disclosure of the Acculfo records is the "prejudice" of needing to

8

recognize the truth, namely, that he did not miss 1,000 doses of medication. The truth is not prejudice.

## II. Sanctions Are Inappropriate

Plaintiff speciously alleges that he suffered prejudice and inexplicably deserves costs and fees under Rule 26(g)(3) pursuant to defense counsel's alleged failure to timely and seasonably supplement discovery disclosures and production upon learning of new information or discovering new records, but Plaintiff's argument ignores that the rules contemplate parties seasonably supplementing discovery. Defendants' timely production of medication dispersal records is not only supported by federal rules, but also required. Fed. R. Civ. P. 26.

The record clearly shows that Defendants' supplemental document disclosure occurred six months before dispositive motions are due on May 31, 2023, as well as prior to the expert disclosure date. Plaintiff has not requested any extensions of time for either date. Thus, Defendants' seasonable supplement of their discovery production is not a discovery violation. Yet, even if it were, there is sufficient justification to show that sanctions would not be favored. *See* Fed. R. Civ. P. 26(g)(1)(A); Fed. R. Civ. P. 26(g)(3).

Plaintiff's request for sanctions is based upon the fact that he built his case on baseless claims that he missed more than 1,000 doses of medication in the face of sworn testimony stating otherwise. After waiting four years to elucidate his legal theory, once he believed that records existed to eliminate his claims of missed doses, he argued that there were more than 1,000 missed doses. Thereafter, Defendants located records through investigation showing that plaintiff received more than 1,000 doses of medication. These medical records dismantle Plaintiff's theory of the case.

This is not a scenario wherein Plaintiff learned of evidence at or just prior to trial that supported his position and would have avoided the time and expense of a trial. Instead, Plaintiff

9

timely received evidence that contradicted his allegations and self-serving testimony. Now that Plaintiff's allegations have been exposed as untrue, Plaintiff asks this Court to stifle the discovery process and flout the purpose of Rule 26. Plaintiff did not have the records, but he cannot show that Defendants were anything but diligent. Sanctions are not a weapon to be wielded by a Plaintiff in response to receiving evidence unfavorable to his case. Yet, Plaintiff is doing just that. This Court should not be bothered with meritless motions, like Plaintiff's motion seeking sanctions and fees. *See DR Distributors, LLC*, 513 F.Supp.3d at 952 ("[I]f Dante were a judge, he would have placed fee litigation as an inner circle of judicial hell.")

Under Federal Rule of Civil Procedure 26(g)(1)(A), counsel for a party must certify that discovery disclosures are "complete and correct *as of the time it is made*[.]" Fed. R. Civ. P. 26(g)(1)(A) (emphasis added). The certification "'does not require the signing attorney to certify the truthfulness of the client's responses to a discovery request,'" but it does force an attorney to "'stop and think'" about the responses, and "'certifies that the lawyer has made a reasonable effort to assure that the client has provided all the information and documents available to him that are responsive to the discovery demand.'" *DR Distributors, LLC v. 21 Century Smoking, Inc.*, 513 F.Supp.3d 839, 952 (N.D. Ill. 2021) (*quoting* Fed. R. Civ. P. 26(g), advisory committee's note to 1983 amendment); *see also Colyer v. City of Chicago*, No. 12-C-04855, 2016 WL 25710, *24 (N.D. Ill. Jan. 4, 2016).

Additionally, Courts, including the Northern District of Illinois, are generally reluctant to sanction counsel and parties. *DR Distributors, LLC*, 513 F.Supp.3d at 862 (Applying sanctions where the Court found defendant's discovery responses to have been made without reasonable inquiry, noting that the responses relied *solely* on client representations "without any careful inquiry or reasonable investigation[,]" particularly after there was already "good reason to

question" the credibility of their client after previous representations turned out untrue.). However, where a certification violates Rule 26(g)(1)(A) "*without substantial justification*, the court, on motion or on its own, must impose an appropriate sanction on the signer, the party on whose behalf the signer was acting, or both." Fed. R. Civ. P. 26(g)(3) (emphasis added). "The sanction may include an order to pay the reasonable expenses, including attorney's fees, caused by the violation." *Id.* It must also be "a proportionate sanction for an infraction of the rules considering all of the relevant circumstances." *Moore v. City of Chicago Heights*, 09-C-3452, 2011 WL 13388567, *11 (N.D. Ill. Feb. 15, 2011) (*citing Salgado v. General Motors Corp.*, 150 F.3d 735, 740 (7th Cir. 1998).

When addressing factually dissimilar situations involving discovery abuses, courts have discussed Rule 37 sanctions, however, sanctions are reserved for egregious violations that do not exist here. *See, generally*, *Saathoff v. Davis*, 826 F.3d 925, 931 (7th Cir. 2016). Plaintiff has failed to make any worthwhile attempt to argue that Defendants' conduct was at all "egregious" in his Motion to Bar. Most of the support for such a contention, as well as for any contentions regarding impropriety or otherwise of late production of discovery materials, would be derived from case law; however, Plaintiff failed to cite to *any* case law in support of his argument for sanctions and exclusion. *See* Pl's Mtn to Bar, Dkt. #246. In fact, the only case law Plaintiff cites to in his *entire* motion has to do with his assertions regarding Plaintiff's use of the proper calculations for damages in his settlement demand to Cook County. *Id.* at pp. 7-8. Simply put, Plaintiff has failed to make any compelling argument whatsoever for the very relief he seeks in his Motion.

In the matter at hand, the failure to produce the Accuflo records was an "administrative oversight" that was "unintentional and not in bad faith." (Defs.' Ex. B ¶ 30). Linda Kampe confirmed in her affidavit that she herself "was unaware the Accuflo records had not been

11

produced by [her] staff before October 19, 2022." (Defs.' Ex. B ¶ 25). This was not for lack of inquiry or reasonable investigation – the Accuflo record system was phased out in March 2017. (Defs.' Ex. B ¶ 18). Linda Kampe's staff produced all regularly accessible records (962 pages) pertaining to Plaintiff during the first production, with the phased out Accuflo records (67 pages) neglecting to be included as a result of administrative error and oversight. (Defs.' Ex. B ¶¶ 21-23). These records, while crucial in the content they contained, were a fraction of the total produced. Defendants have not been improperly sitting on undisclosed records of their own accord. As a result, Defendants' late disclosure is substantially justified, and sanction of costs or exclusion would be inappropriate and improper.

## CONCLUSION

Defendants' production of the Accuflo records complies squarely with Fed. R. Civ. P. 26(e)(1)(A), and, as such, sanctions are not reasonable. Plaintiff disclosed their missed doses theory to defense counsel on July 6, 2022. After thorough investigation into Plaintiff's proffered allegations the Accuflo records were discovered and located, and thereafter timely produced. Had Defendants known of the existence of such records any time earlier, the documents would have been produced, especially since they appear to exonerate the conduct Defendants stand accused of. Lastly, because Plaintiff has not suffered any true prejudice, attorney's fees and costs are a drastic and unreasonable remedy.

WHEREFORE, Defendants respectfully pray this Honorable Court enter an order as follows:

1. Denying Plaintiff's Motion to Bar "Accuflo" Records and to Issue Sanctions; and
2. For any other relief this Court feels reasonable and just

Respectfully Submitted,

 

                                        By:    */s/Jason E. DeVore*
                                                     Jason E. DeVore, One of the
                                                     Attorneys for Defendants

**DEVORE RADUNSKY LLC**
Jason E. DeVore (ARDC # 6242782)
Troy S. Radunsky (ARDC # 6269281)
Zachary G. Stillman (ARDC # 6342749)
230 W. Monroe Street, Ste. 230
Chicago, IL 60606
(312) 300-4479 telephone
jdevore@devoreradunsky.com
tradunsky@devoreradunsky.com

**CERTIFICATE OF SERVICE**

       The undersigned, an attorney, hereby certifies that **Defendants' Response in Opposition to Plaintiff's Motion to Bar "Accuflo" Records and to Issue Sanctions** was filed on January 30, 2023, with the Northern District of Illinois ECF System, serving a copy to all parties.

                                                                  */s/ Zachary Stillman*
                                                                  Zachary Stillman