# UNITED STATES DISTRICT COURT
## FOR THE Northern District of Illinois – CM/ECF NextGen 1.6.3
### Eastern Division

William Dukes

     Plaintiff,

v.            Case No.: 1:17–cv–07095
             Honorable Nancy L. Maldonado

M. Addison, et al.

       Defendant.

---

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Tuesday, February 14, 2023:

  MINUTE entry before the Honorable Maria Valdez: Plaintiff's Motion to Bar "Accuflo" Records and to Issue Sanctions Against Defendants [246] is granted in part and denied in part. In this case, Plaintiff has alleged that Defendants wrongfully failed to regularly provide him with his necessary heart disease medications without interruption. The medical records presently in dispute are centrally important, as they bear upon the number of medication doses Plaintiff received. However, Defendants did not produce the medical records in question until October 25, 2022, ten days after fact discovery closed on October 15, 2022. Pursuant to Federal Rule of Civil Procedure 37(c)(1), if a party fails to supplement its response to a production request in a timely manner, "the party is not allowed to use that information... to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). The determination of whether a discovery violation is substantially justified or harmless is entrusted to this Court's broad discretion. See David v. Caterpillar, Inc., 324 F.3d 851, 857 (7th Cir. 2003). In this case, the Court finds that Defendants did not produce the disputed medical records in a timely manner. In light of the fundamental relevance of the medical records to Plaintiff's primary allegation, Defendants were aware of the records or should have been aware of them. Yet, Defendants did not ultimately produce the records until after fact discovery had closed. Further, the Court finds that Defendants' untimely production was not substantially justified. It appears from the record that defense counsel did not even inquire with their clients into the existence of the additional medical records until October 19, 2022, four days after the fact discovery cutoff. The Court also finds that Defendants' late production is not harmless. Indeed, allowing Defendants to utilize the medical records going forward would obviously prejudice Plaintiff at this late stage in the litigation, as fact discovery is closed and multiple fact and treater depositions have already transpired. Plaintiff is prejudiced by Defendants&#0;39; late disclosure in that Plaintiff did not have the records available at the depositions that have occurred and cannot now depose additional individuals identified in the records. The Court is not amenable to reopening fact discovery in this 2017 case. The Court finds that the cases cited by Defendants are unhelpful to their cause. In those cases, in factually dissimilar circumstances, the courts found that late supplementations were non–prejudicial and/or harmless. Here, the Court has determined that Defendants' untimely production is prejudicial and not harmless. Accordingly, the Court hereby bars Defendants from

utilizing the "Accuflo" medical records for any purposes in this suit. However, in its discretion, the Court denies Plaintiff's request for additional sanctions. Mailed notice. (exr, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.