UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM DUKES, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:17-CV-07095 |
| | ) | |
| vs. | ) | Honorable Nancy L. Maldonado |
| | ) | |
| THOMAS DART, et al. | ) | Magistrate Judge Maria Valdez |
| | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' OPPOSED MOTION TO CLARIFY
COURT'S FEBRUARY 14, 2023, ORDER (ECF NO. 258)**

NOW COME Defendants THOMAS DART et al., by and through their attorneys, Jason E. DeVore and Troy S. Radunsky, and for their Motion to Clarify this Court's February 14, 2023, order (ECF No. 258) state as follows:

1. Plaintiff filed his Motion to Bar "Accuflo" Records and To Issue Sanctions Against Defendants on December 21, 2022, (ECF No. 246), which the court thereafter granted after a full briefing by the parties, on February 14, 2023. ECF No. 258.

2. In that order, this Court stated that it "bars *Defendants* from utilizing the 'Accuflo' medical records for any purposes in this suit." ECF No. 258 p. 2 (emphasis added).

3. This Court's order does not state whether Plaintiff is permitted to use the absence of the records to argue their missing doses theory, or, alternatively, whether all parties are barred from using or referring to them in any fashion, including in a disguised hypothetical.

4. This Court's order also does not state if the records are barred for the purpose of impeachment or rebuttal.

1

5. It has become apparent Plaintiff is attempting to use the barring of the Accuflo records as a sword and a shield, which has resulted in clear prejudice to the Defendants. For instance, in his deposition, Plaintiff's counsel's hypothetical questions assumed Plaintiff missed 57% of his prescribed doses, which the Accuflo records refute. Plaintiff's attempt to pursue the "missed dose" theory is utterly disingenuous and in bad faith, in light of what the Accuflo records actually revealed – that he did not fail to receive his medication 57% of the time. *See* Dr. Fintel Deposition Transcript, **Exhibit A** pp. 29-30, 39-41.

6. If Plaintiff is allowed to open the door by asking Defendant's expert questions based on assumptions the Accuflo records clearly refuted, which he has now done, Defendants' expert should be able to rebut the allegation by demonstrating what the Accuflo records actually showed and use it for impeachment.

7. If Dr. Fintel is not permitted to rebut that "missed dose" allegations, Plaintiff would be prejudicially permitted to convince the jury that he missed all those doses when this was not the case. Defendant's expert is essentially asked to be complicit in misleading the jury with false evidence. In that scenario, Defendants would be severely prejudiced, as Plaintiff is knowingly concealing material information from the jury and proffering false evidence without possibility of rebuttal.

8. By opening the door to his missed dose issue and trying to disguise it in hypothetical questions, Defendants believe Plaintiff has now waived any argument they cannot use the Accuflo records for the limited purpose of rebuttal or impeachment.

9. Similarly, after Dr. Fintel's deposition, Plaintiff continued to argue his missed doses theory in his recent settlement position paper to enhance his position, despite knowing it to be a false narrative. *See* Plaintiff's Settlement Position Paper, **Exhibit B**.

10. Defendants request the order be clarified to reflect that either (a) the Accuflo records are barred as to both parties, not just Defendant or (b) Defendants are permitted to use the Accuflo records for rebuttal or impeachment purpose where Plaintiff opens the door.

WHEREFORE, Defendants, THOMAS DART, et al., respectfully request that this Court grant its motion to Clarify the February 14, 2023, Order entered by this Court, and for all other relief this Court deems appropriate.

Respectfully submitted,

*/s/ Troy S. Radunsky*
Troy S. Radunsky, One of the
Attorneys for Defendants
Troy S. Radunsky (ARDC# 6269281)
DeVore Radunsky LLC
230 W. Monroe Suite 230
Chicago, IL 60606
312-300-4484

**CERTIFICATE OF SERVICE**

The undersigned, an attorney, hereby certifies that on **May 9, 2023**, he electronically filed the **Defendants' Opposed Motion to Clarify the Courts February 14, 2023, Order (ECF No. 258)** with the Northern District of Illinois ECF System, serving a copy to all parties.

*/s/ Zachary Stillman*
Zachary Stillman, One of the Attorneys
For the Defendants