IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIAM DUKES, | ) |
|     Plaintiff, | ) CASE NO. 1:17-cv-07095 <br> ) <br> ) Honorable Judge Nancy Maldonado |
|         v. | ) <br> ) Magistrate Judge Valdez |
| COOK COUNTY SHERIFF'S OFFICE et al. | ) <br> ) <br> ) |
|     Defendants. | ) |

## RESPONSE TO DEFENDANT'S MOTION TO CLARIFY

This Court's Order barring Defendants from utilizing the Accuflo records (Bates 001415-001481) for any purposes in this lawsuit was a sanction. (Dkt. 258) Defendants now complain that the sanction may hurt its case! However, the plain meaning of the Court's February 14, 2023 Order is that those "records" are barred—meaning Cook County and Sheriff Dart have no admissible record of William Dukes receiving all of his prescribed medication during the time frame referenced in the Accuflo records. Defendants do not dispute that its records for other periods of time, (non-Accuflo time-period, bolstered by Mr. Dukes' testimony) demonstrate that he was denied prescribed medication by Cook County Department of Corrections, approximately 18% of the time. However, when one considers that there is no record of *any* medication being given to Mr. Dukes for the Accuflo time-period then for the entirety of his imprisonment (both Accuflo and non-Accuflo periods) the number and percentage of the missed doses rises considerably. In other words, 57% of the time Plaintiff was deprived of his prescribed heart and related medications. (Dkt. 246, p. 3).

Defendants' proposed "clarification" would effectively negate the effect of this Court's sanction. Plaintiff does agree that a clarification of this key issue could be helpful now, rather

than on the eve of trial, since mediation is being considered by Judge Valdez at this time. The Court should rule that this case should proceed on the basis that no records exist of Mr. Dukes' having received his proper prescribed medications during the Accuflo time period of 6/25/16 to 7/4/16, 8/6/16 to 8/13/16, 9/24/16 to 10/1/16, 11/11/16 to 11/25/16, 1/2/17 to 1/18/17, and 3/11/17 to 3/20/17, and that neither party may argue, imply, or insinuate to the contrary. Of course, Plaintiff will highlight the non-existence of records and medication as it goes to trial.

Defendants also argue that Plaintiffs would be proffering false evidence and knowingly conceal evidence. Aside from the irony that defendants withheld that evidence for five years after Plaintiff initially requested William Dukes' medical records and 10 days after the fact discovery deadline of October 15, 2022, contained in the Order dated August 23, 2022 (Dkt. 236) (See Plaintiff's Motion to Bar Accuflo Records and for Sanctions, Dkt. 246, p. 1), Defendants misconstrue the justice our system aspires to. Coerced confessions, spousal conversations, lawyers' client-privileged communications, some procedural rules and judicial deadlines such as Statutes of Limitations, all operate to resolve disputes in spite of possible conflicting evidence. Accordingly, this court's Feb. 14, 2023 Order should stand with Plaintiff's proposed clarification.

Dated: May 15, 2023                                        Respectfully submitted,

*/s/ John W. Mauck*
JOHN W. MAUCK

John W. Mauck (IL Bar No. 1797328)
Judith A. Kott (IL Bar No. 6280395)
**Mauck & Baker, LLC**
1 N. LaSalle St. Suite 3150
Chicago, IL 60602
312-726-1243 main
jmauck@mauckbaker.com
jkott@mauckbaker.com