UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM DUKES, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:17-CV-07095 |
| | ) | |
| vs. | ) | Honorable Nancy L. Maldonado |
| | ) | |
| THOMAS DART, et al. | ) | Magistrate Judge Maria Valdez |
| | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' FRCP 56 MOTION FOR SUMMARY JUDGMENT**

NOW COMES Defendant Sheriff Thomas J. Dart, in his official capacity; Defendants A. Bloodworth, C. Andrews, P. Green, L. Locke, Q. Dunmars, and D. Triplett ("Medical Staff Defendants"); M. Addison, J. Arias, R. Foster, C. Galindo, J. Meraz, P. Miranda, J. Ogrodnik, A. Qureshi, W. Rivera, D. Salmon, and S. Taylor ("Individual Officer Defendants"); and Cook County, a Body Politic and Corporate ("Cook County" and *collectively* "Defendants"), by and through their attorneys, Jason E. DeVore and Zachary G. Stillman, of DeVore Radunsky LLC, pursuant to Rule 56 of the Federal Rules of Civil Procedure and the applicable Local Rules of the United States District Court for the Northern District of Illinois, and move for summary judgment in their favor against Plaintiff, William Dukes. Defendants state the following in support of the Motion, in conjunction with a separate Statement of Undisputed Material Facts and Memorandum of Law in Support:

**I.  Individual Officer Defendants Are Entitled to Summary Judgment for Plaintiff's Claim of Deliberate Indifference to a Serious Medical Need (Count I)**

Plaintiff's deliberate indifference claim against Individual Officer Defendants fails on account of Defendants' lack of knowledge of Plaintiff's condition. Plaintiff has developed no

evidentiary basis for establishment of any knowledge of serious medical needs on the part of any individual officer defendant such that they could have been deliberately indifferent to the same.

To establish a § 1983 claim for deliberate indifference to a prisoner's serious medical needs, a plaintiff must show: "(1) that he had an objectively serious medical condition; (2) that defendants knew of the condition and were deliberately indifferent to treating plaintiff; and (3) that this indifference injured plaintiff." *Manzales v. Krishna*, 113 F. Supp. 3d 972, 978 (N.D. Ill. 2015) (citing *Gayton v. McCoy*, 593 F.3d 610, 620 (7th Cir. 2010)). Deliberate indifference plaintiffs must "provide evidence that an official *actually* knew of and disregarded a substantial risk of harm." *Petties v. Carter*, 836 F.3d 722, 728 (7th Cir. 2016) (citing *Farmer*, 511 U.S. at 837) (emphasis in original). Officials are not liable where they can show that "they were unaware even of an obvious risk to inmate health or safety." *Id.* (citing *Farmer*, 511 U.S. at 844).

While Plaintiff has been unable to recall the identity of any Defendant officers other than M. Addison, who contrary to Plaintiff's assertions did in fact seek medical help for him and was not deliberately indifferent, he has insisted all along that the records are the key to finding out who wronged him. Ex. B 59:22-59:23. Despite this, he also states emphatically that the medical records of Cermak cannot be trusted. Ex. B 100:25-102:2. Additionally, Plaintiff's assertions ignore that Cook County Sheriff Correctional Officers do not pass out medicine, which Plaintiff himself has attested to. Ex. B 236:10-17. Plaintiff has also testified explicitly that it was the nurses who were the issue, leading to more confusion with the claims against individual defendant officers. Ex. B 53:5 – 54:11.

Ultimately, Plaintiff's contradictory assertions highlight the lack of any evidentiary basis upon which his deliberate indifference claims are based. No evidence connecting any individual officer to any knowing act of deliberate indifference has been developed, and if anything officers

have been simply shown to be following CCDOC policies and differing properly to the professional judgment of Plaintiff's treaters. *Collignon v. Milwaukee Cnty.*, 163 F.3d 982, 987-88 (7th Cir. 1998). Accordingly, no questions of material fact remain with regard to Plaintiff's deliberate indifference claims against Individual Officer Defendants, and summary judgment is proper.

## II. Medical Staff Defendants Are Entitled to Summary Judgment for Plaintiff's Claim of Deliberate Indifference to a Serious Medical Need (Count II)

Plaintiff's deliberate indifference claim against Medical Staff Defendants also fails on account of lack of knowledge of Plaintiff's condition. Plaintiff has asserted no evidence that any medical defendant was ever aware of Plaintiff's cardiac condition or chest pains complained on. Plaintiff is unable to give then name of any medical staff who he made aware of his complaints of chest pain.

If the risk of a particular course of medical treatment (or lack thereof) is obvious enough, a factfinder can infer that an official knew about and disregarded it. *Norfleet v. Webster*, 439 F.3d 392, 396 (7th Cir. 2006); *Cole v. Fromm*, 94 F.3d 254, 260 (7th Cir. 1996). However, notably, in the medical context, obviousness of risks can be obscured by the need for specialized expertise to understand the implications of a course of treatment. *Petties*, 836 F.3d at 729. Therefore, courts have found that where such risks resultant of treatment decisions "may be imperceptible to a lay person[,] ... a medical professional's treatment decision must be 'such a substantial departure from accepted professional judgment, practice, or standards as to demonstrate that the person responsible did not base the decision on such a judgment.'" *Estate of Cole by Pardue v. Fromm*, 94 F.3d 254, 261–62 (7th Cir. 1996)

Seventh Circuit courts have also noted "inexplicable delay[s] in treatment ... serv[ing] no penological interest" to support a finding of deliberate indifference. *Petties*, 836 F.3d at 730 (citing

3

*Grieveson v. Anderson*, 538 F.3d 763, 779 (7th Cir. 2008) (guards could be liable for delaying treatment of broken nose a day and half)). *See also, Edwards v. Snyder*, 478 F.3d 827, 830–31 (7th Cir. 2007) (plaintiff who painfully dislocated his finger and was needlessly denied treatment for two days stated deliberate indifference claim). However, jails and prisons are settings of limited resources, therefore delays are common and accepted. *Petties*, 836 F.3d at 730. Whether the length of such delay is tolerable depends on the seriousness of the condition and the ease of providing treatment. *Id.*

Plaintiff has not presented any evidence as to the actual knowledge of any Medical Staff Defendant in this matter of his chest condition or medication needs or wants, or the deliberate indifference of said staff to the same. No actual identities of parties Plaintiff claims were knowledgeable about the same have been recalled by Plaintiff. The most damaging thing Plaintiff can point to is the 35-minute delay in getting medical help after he informed Correctional Officer M. Addison of chest pains. On the other hand, Plaintiff can point to no specific allegations or identities of nursing staff in this matter as being responsible for the conduct alleged. Accordingly, no questions of material fact remain, and summary judgment is proper for Medical Staff Defendants on Plaintiff's claim for deliberate indifference.

**III.     Plaintiff's Deliberate Indifference Claims Also Fail as a Result of the Lack of Injury and Absence of Causation by Defendants (Counts I & II)**

Plaintiff's claims for deliberate indifference in Count I and II of his Complaint against the Individual Officer Defendants and Medical Staff Defendants also fail for lack of establishment of injury or causation of injury. A plaintiff seeking relief in a court of law unequivocally holds the burden of proving their case and substantiating their claims. *Schaffer ex rel. Schaffer v. Weast*, 546 U.S. 49, 56-57 (2005). The Supreme Court has repeatedly noted that § 1983 "creates a species of tort liability." *Roe v. Elyea,* 631 F.3d 843, 863-64 (7th Cir. 2011) (quoting *Heck v.*

4

*Humphrey*, 512 U.S. 477, 483 (1994) (internal quotation marks omitted)). Therefore, ultimately, a § 1983 plaintiff must establish both a state actor's violation of their constitutional rights, and the actual *causation* of injuries or damages therefrom. *Harris v. Kuba*, 486 F.3d 1010, 1014 (7th Cir. 2007).

In matters of tort liability for injuries suffered, the causal connection between the conduct at issue and the injury needs to be clearly established. *Myers v. Ill. Central R. Co.*, 629 F.3d 639, 642 (7th Cir. 2010) (citing *Claar v. Burlington N.R.R. Co.*, 29 F.3d 499, 503 (9th Cir. 1994)). Where the injury is of a kind that is not obvious to a layman, establishment of the causal connection necessitates expert testimony. *Brooks v. Union Pacific R. Co.*, 620 F.3d 896, 900 (8th Cir. 2010). On the other hand, where an injury may be obvious to a lay person, such as a broken leg or obvious gash, expert testimony is not needed. *See Moody v. Maine Cent. R.R. Co.*, 823 F.2d 693, 695 (1st Cir. 1987). But ultimately, where an injury is not of obvious origin and has "multiple potential etiologies, expert testimony is necessary to establish causation." *Wills v. Amerada Hess Corp.*, 379 F.3d 32, 46-47 (2d Cir. 2004). On the other hand, lay witness testimony is restricted to "opinions or inferences which are ... rationally based on the perception of the witness and ... helpful to a clear understanding of [their] testimony or the determination of a fact in issue." Fed. R. Evid. 701.

In matters of tort liability for injuries suffered, the causal connection between the conduct at issue and the injury needs to be clearly established. *Myers v. Ill. Central R. Co.*, 629 F.3d 639, 642 (7th Cir. 2010) (citing *Claar v. Burlington N.R.R. Co.*, 29 F.3d 499, 503 (9th Cir. 1994)). Where the injury is of a kind that is not obvious to a layman, establishment of the causal connection necessitates expert testimony. *Brooks v. Union Pacific R. Co.*, 620 F.3d 896, 900 (8th Cir. 2010). On the other hand, where an injury may be obvious to a lay person, such as a broken leg or obvious gash, expert testimony is not needed. *See Moody v. Maine Cent. R.R. Co.*, 823 F.2d 693, 695 (1st

Cir. 1987). Lay witness testimony is restricted to "opinions or inferences which are ... rationally based on the perception of the witness and ... helpful to a clear understanding of [their] testimony or the determination of a fact in issue." Fed. R. Evid. 701. But ultimately, where an injury is not of obvious origin and has "multiple potential etiologies, expert testimony is necessary to establish causation." *Wills v. Amerada Hess Corp.*, 379 F.3d 32, 46-47 (2d Cir. 2004).

Here, Plaintiff does not have the option of expert testimony pursuant to their failure to disclose an expert witness in compliance with this Court's deadline. ECF No. 240. Plaintiff's alleged injury is cardiac in nature, meaning he is not qualified as a lay witness to discuss causation or establish the injury's existence in the first place. Defendants' expert, Dr. Fintel, opined from review of Plaintiff's records and imaging that Plaintiff "absolutely" did not have the indicators of missing medication contiguously for months, Ex. E 35:11-36:1, and that Plaintiff's second heart attack, occurring a year after his release, was far too causally removed from any treatment he received while in CCDOC custody. Ex. E 36:1-10.

Plaintiff's inability to personally testify as to establishment of injury or causation will be extremely damaging to his case. As a result of his failure to disclose an expert witness, he will be unable to make any causal argument about CCDOC or Cermak treatment in relation to his heart condition and will likewise be unable to establish any alleged decline in cardiac condition as an injury in the first place. For these reasons, summary judgment for Defendants on Plaintiff's deliberate indifference to serious medical need claims should be granted.

### IV. Plaintiff Has No Support for His *Monell* Claim (Count III)

Plaintiff has no developed absolutely no evidence to support his *Monell* claims. Notably, there have been no depositions, nor any documents produced, that suggest any support for any of Plaintiff's allegations.

A plaintiff wishing to prove a *Monell* claim must develop evidentiary support to show that: (1) he has suffered the deprivation of a constitutional right; and (2) that an official custom or policy of the City caused that deprivation. *Monell v. N.Y. City Dept. of Social Servs.*, 436 U.S. 658, 694-95 (1978). Here, Plaintiff cannot support his contention that there was "a widespread practice that is so permanent and well-settled that it constitutes a custom or practice." *First Midwest Bank Guardian of Est. of LaPorta v. City of Chi.*, 988 F.3d 978, 986 (7th Cir. 2021); *Thomas v. Cook Cnty. Sheriff's Dep't*, 604 F.3d 293, 303 (7th Cir. 2010).

Plaintiff cannot present any evidentiary basis for establishment of a widespread practice under *Monell*. Nor can Plaintiff reliably point to the individuals responsible for the conduct claimed such that it can even be reliably investigated. Plaintiff instead merely restates his deliberate indifference claim as a *Monell* claim and calls the alleged conduct widespread enough to establish an unconstitutional policy or procedure of Defendants Sheriff Dart and Cook County.

Plaintiff's failure to develop evidence to support his *Monell* claim warrants summary judgment in favor of Defendants.

### a. *Plaintiff has not Presented Evidence to Support a Monell Claim Against Defendant Sheriff*

With respect to the *Monell* claim against the Cook County Sheriff in particular, the plaintiff has failed to set forth facts that would establish that he has been deprived of a constitutional right pursuant to widespread practice of the Cook County Sheriff. "It is not enough to demonstrate that policymakers could, or even should, have been aware of the unlawful activity because it occurred more than once. The plaintiff must introduce evidence demonstrating that the unlawful practice was so pervasive that acquiescence on the part of policymakers was apparent and amounted to a policy decision." *Bridges v. Dart*, 950 F.3d 476, 479 (7th Cir. 2020) (internal citations omitted).

Plaintiff has failed to present sufficient evidence to support a *Monell* claim against the Sheriff, and therefore Count III should be dismissed as to the Cook County Sheriff.

The *Monell* claim in Count III, like the § 1983 claim in Count I, is based on the alleged issues with the administration of his medication and failures to adequately address chest pain. Nowhere in Plaintiff's claim does it allege facts that would qualify the practices alleged to be widespread practices accepted or ratified by the Sheriff. Further, no law is presented that would render Defendant Sheriff liable under *Monell* for any practice of medical defendants. Further, Plaintiff's testimony contradicts his claims: Nurses, not correctional officers, came to his housing tier to administer medications. Ex. B 79:17-80:12. The Sheriff's policy was to notify medical providers about requests for medications and chest pain complaints, which officers did for Plaintiff, but Plaintiff did not like the entirely reasonable 35-minute delay.

### b. *Plaintiff has not Presented Evidence to Support a Monell Claim Against Defendants Cook County/Cermak*

Plaintiff has likewise developed no evidence with regard to his argument for *Monell* liability against Cook County. He cannot present any developed evidence to show a "widespread practice," as required for a *Monell* claim. He cannot name a single Defendant Officer or Medical Staff, to whom he can attribute particular actions, knowledge, or allegations of wrongdoing.

"A 'practice is not widespread if it took place two, three, or four other times.' *Jackson v. City of Chi.*, No. 20 C 5630, 2021 WL 1056988, at *7 (N.D. Ill. Mar. 18, 2021) (citing *Hamilton v. Oswego Cmty. Unit Sch. Dist. 308*, No. 20 C 0292, 2021 WL 767619, at *26 (N.D. Ill. Feb. 26, 2021)). "Widespread" means more than "a few" or several. *Palmer v. Marion Cnty.*, 327 F.3d 588, 596 (7th Cir. 2003) (proof of isolated acts of misconduct will not suffice). *See Thomas v. Cook Cnty. Sheriff's Dep't*, 604 F.3d 293, 303 (7th Cir. 2010).

8

Plaintiff has asserted no more than the bare minimum allegations of his allegations in his complaint and his own personal knowledge as evidence of the challenged practice and policy being widespread. But Plaintiff's personal knowledge or assertions do not make a practice widespread. Plaintiff cannot even recall the names of those he claims he made aware of his medical needs and were then deliberately indifferent to same. Plaintiff has not established any evidentiary basis for the establishment of any Cook County or Sheriff policy as widespread, therefore his *Monell* claim cannot survive summary judgment and Defendants Sheriff Dart and Cook County should be entitled to summary judgment.

## V.     Plaintiff's Indemnification Claim Fails

Any remaining indemnification claim relies on prevailing on any of the counts brought against defendants. Defendants are entitled to summary judgment on all counts, and no claims remain against the Sheriff or other individual Defendants for which payment from Cook County would be necessary.

WHEREFORE, Defendant Sheriff Thomas J. Dart, in his official capacity; Defendants A. Bloodworth, C. Andrews, P. Green, L. Locke, Q. Dunmars, and D. Triplett ("Medical Staff Defendants"); M. Addison, J. Arias, R. Foster, C. Galindo, J. Meraz, P. Miranda, J. Ogrodnik, A. Qureshi, W. Rivera, D. Salmon, and S. Taylor ("Individual Officer Defendants"); and Cook County, by and through their attorneys, respectfully request that this Court enter summary judgment in their favor and against Plaintiff William Dukes, finding:

(1) Defendants' Motion for Summary Judgment is granted
(2) Defendants are entitled to summary judgment regarding Counts I through II.

Dated: June 15, 2023

Respectfully Submitted,

By:     */s/ Jason E. DeVore*

9

Jason E. DeVore, One of the Attorneys for Defendants

**DEVORE RADUNSKY LLC**
Jason E. DeVore (ARDC # 6242782)
Troy S. Radunsky (ARDC # 6269281)
Zachary G. Stillman (ARDC # 6342749)
230 W. Monroe Street, Ste. 230
Chicago, IL 60606
(312) 300-4479 telephone
jdevore@devoreradunsky.com
zstillman@devoreradunsky.com

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that **Defendants' FRCP 56 Motion for Summary Judgment, Memorandum of Law in Support, and LR 56.1 Statement of Undisputed Material Facts** were filed on June 15, 2023, with the Northern District of Illinois ECF System, serving a copy to all parties.

*/s/ Zachary Stillman*
Zachary Stillman