UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM DUKES, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:17-CV-07095 |
| | ) | |
| vs. | ) | Honorable Nancy L. Maldonado |
| | ) | |
| THOMAS DART, et al. | ) | Magistrate Judge Maria Valdez |
| | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' STATEMENT OF UNDISPUTED MATERIAL
FACTS IN SUPPORT OF THEIR FRCP 56 MOTION FOR SUMMARY JUDGMENT**

Defendant Sheriff Thomas J. Dart, in his official capacity; Defendants A. Bloodworth, C. Andrews, P. Green, L. Locke, Q. Dunmars, and D. Triplett ("Medical Staff Defendants"); M. Addison, J. Arias, R. Foster, C. Galindo, J. Meraz, P. Miranda, J. Ogrodnik, A. Qureshi, W. Rivera, D. Salmon, and S. Taylor, ("Individual Officer Defendants"); and Cook County, a Body Politic and Corporate ("Cook County" and *collectively* "Defendants"), by and through their attorneys, Jason E. DeVore and Zachary G. Stillman, of DeVore Radunsky LLC, and pursuant to LR 56.1, submit the following Statement of Undisputed Material Facts in Support of their Motion for Summary Judgment.

**Jurisdiction and Venue**

1. Plaintiff, William Dukes ("Dukes"), is a resident of Cook County, Illinois, and a Citizen of Illinois. ECF No. 90 ¶ 2; ECF No. 183 ¶ 2.

2. At all times relevant, Defendants A. Bloodworth, C. Andrews, P. Green, L. Locke, Q. Dunmars, and D. Triplett were employed as medical staff by Cermak Health Services. ECF No. 90 ¶¶ 32-39; ECF No. 183 ¶¶ 32-39.

3. At all times relevant, Defendants M. Addison, J. Arias, R. Foster, C. Galindo, J. Meraz, P. Miranda, J. Ogrodnik, A. Qureshi, W. Rivera, D. Salmon, and S. Taylor were duly appointed corrections officers of the Cook County Sheriff. ECF No. 90 ¶¶ 12-30; ECF No. 183 ¶¶ 12-30.

4. Defendant Cook County is a Body Politic and Corporate under Illinois Law, situated in the Northern District of Illinois. ECF No. 90 ¶ 7; ECF No. 183 ¶ 7.

5. Defendant Sheriff Thomas J. Dart is an elected official serving as the Cook County Sheriff. ECF No. 90 ¶ 8; ECF No. 183 ¶ 8.

6. The Court has subject matter jurisdiction over this dispute under 28 U.S.C. § 1331 and § 1343 because Plaintiff's claims are brought pursuant to 42 U.S.C. § 1983 and § 1988.

7. Venue is proper in this District, pursuant to 28 U.S.C. § 1391, because all parties are residents of the Northern District of Illinois and the events giving rise to the instant matter took place in the Northern District of Illinois.

## Procedural History

8. Plaintiff first filed this action pro se, initiating this case with his handwritten complaint filed with the Court on January 8, 2018. ECF No. 7.

9. On August 2, 2018, Plaintiff his motion for appointment of counsel with the Court, ECF No. 37, with the Court granting the same on August 7, 2018. ECF No. 40. Thereafter, on November 20, 2018, Dukes' First Amended Complaint was filed with the Court. ECF No. 51. At this time the operative complaint is Dukes' Third Amended Complaint, filed with this Court on November 14, 2019. ECF No. 90.

10. Plaintiff's operative complaint presents three counts against Defendants: Count I alleges a claim of Deliberate Indifference to Serious Medical Need against Individual Officer

2

Defendants; Count II alleges a claim of Deliberate Indifference to Serious Medical Need against Medical Staff Defendants; and Count III alleges a *Monell* claim against Sheriff Dart and the County. ECF No. 90.

11. On October 19, 2022, this Court ordered that dispositive motions were to be filed by May 31, 2023. ECF No. 240.

12. Thereafter, on February 22, 2023, this Court struck the May 31, 2023, deadline and instead ordered dispositive motions to be filed by June 15, 2023. ECF No. 261.

13. On July 6, 2022, Plaintiff first presented his theory that he did not receive 1000 medication doses and that each missed dose had an assigned value. *See* Defendants' **Group Exhibit A**, including Plaintiff's July 6, 2022, Settlement Demand Letter and Missed Doses Spreadsheet; *see also* ECF No. 246.

## Operative Facts

14. The Office of the Cook County Sheriff, by law, operates the Cook County Department of Corrections. ECF No. 90 ¶ 7; ECF No. 183 ¶ 7.

15. Defendant Cook County, through Cermak Health Services, provides medical care to detainees in the custody of the Cook County Department of Corrections ("CCDOC"). ECF No. 90 ¶ 9; ECF No. 183 ¶ 9.

16. In the CCDOC, medical staff, not correctional staff, administer medications, whether prescription or over-the-counter. ECF No. 90 ¶¶ 62-64; ECF No. 183 ¶¶ 62-64; Ex. B 236:10-17.

17. On January 4, 2022, Plaintiff, William Dukes, testified under oath at deposition. A true and accurate copy of the Transcript is attached hereto and incorporated herein as **Exhibit B**.

3

18. Plaintiff testified that, in the Cook County Department of Corrections, nurses administered his medications. Ex. B 52:25-53:7; 79:17-21.

19. The individual officer Defendants were not responsible for administering medications to Plaintiff. Ex. B 80:4-81:16.

20. The individual officer defendants did not administer medications to Plaintiff. Ex. B 81: 3-15.

21. The individual officer defendants did not have access to Plaintiff's medical records, including records of medication dosage or administration. Ex. B 236:10-17.

22. Access to detainee medical records is restricted to medical staff/personnel. Ex. B 81:10-16.

23. Plaintiff did not grant the individual officer Defendants permission to view or access Plaintiff's medical records. Ex. B 78:14-20.

24. Plaintiff himself acknowledged no officers knew of his medical condition and that other than what he told nurses verbally, he had no idea if they reviewed or were able to review his medical records. Ex. B 321:9-11.

25. When Plaintiff submitted grievances to employees of the Cook County Sheriff concerning his medical care or medications, the complaints were referred to medical staff/personnel for a response. Ex. B 173:14-24.

26. Medical staff employed by Cermak Health Services (under Cook County) were responsible for administering medications to Plaintiff. Ex. B 81:3-16.

27. Medical staff at Cermak Health Services are not under the employment, supervision or control of the Cook County Sheriff, who is sued here in his official capacity. ECF No. 90 ¶ 9; ECF No. 183 ¶ 9.

28. Plaintiff alleges that he told correctional officers that he was not receiving appropriate medical care, including the appropriate medications. Ex. B 53:2-23.

29. Despite this, Plaintiff was unable to identify any individual officer defendant who heard his alleged pleas for medical attention but ignored the same. Ex. B 75: 15-78:13.

30. Plaintiff testified that he did not know any names of any correctional officers or nurses who he claimed were aware of his condition and deliberately indifferent to same. Ex. B 75:15-76:14.

31. Plaintiff came up with the names of the parties he brought his lawsuit against based on the tiers he was on at the time and the officers assigned to them. Ex. B 67:7-21; 238:10-23.

32. Plaintiff also testified that his condition never worsened while in CCDOC custody. His heart attack was not until two years after release. Ex. B 268:19-269:16; 270:18-24; 243:22-244:4; 306:1-7.

33. Approximately a year after Plaintiff's release, in May 2020, Plaintiff experienced his second heart attack. Ex. B. 223:25-224:22.

34. Plaintiff also testified that none of his doctors since 2015 have ever told him that CCDOC's alleged failure to give him medication when he thought he should have been given it worsened his condition. Ex. B 269:7-15.

35. Despite his allegations otherwise, Plaintiff also attested at deposition that no nurse, including those named in his lawsuit, ever specifically refused to help him or get him medical attention, or told him that they did not want to help him. Ex. B 257:9-20.

36. Plaintiff was also well aware personally of the fact that nitroglycerin was not able to be carried on his person for his own safety and the safety of others because it is a controlled substance. Ex. B 113:18-21; 154:24-156:10; 157:18-25.

5

37. On February 4, 2022, Defendant Ashley Bloodworth, R.N. had her deposition taken. A true and accurate copy of the Transcript is attached hereto and incorporated herein as **Exhibit C**.

38. On May 11, 2022, Susan Shebel, R.N. had her deposition taken. A true and accurate copy of the Transcript is attached hereto and incorporated herein as **Exhibit D**.

39. On April 17, 2023, Defendants' expert, Dr. Dan James Fintel ("Dr. Fintel"), had his deposition taken. A true and accurate copy of the Transcript is attached hereto and incorporated herein as **Exhibit E**.

40. Dr. Fintel opined that Plaintiff "was [not] harmed in any way by any alleged lack of administration of cardiac medications during his visits to Cook County." Ex. E 57:19-58:2.

41. Dr. Fintel also opined that Plaintiff's smoking and drug use may have had more of an impact on Plaintiff's cardiac condition than any alleged missed doses of medication during his time as a detainee. Ex. E 69:1-70:9; 88:22-90:15.

42. Plaintiff himself has acknowledged the use of cocaine under oath. *See* Deposition Transcript of William Dukes in the matter of Dukes v. Chicago, 21-CV-3672, attached hereto as **Exhibit G** 382:18-383:6.

43. On April 20, 2022, Defendant Monshai Addison had her deposition taken. A true and accurate copy of the Transcript is attached hereto and incorporated herein as **Exhibit F**.

44. Defendant M. Addison has "limited" medical training. Ex. F 31:10-13.

45. Defendant M. Addison testified that she was unaware of and was not informed that chest pain is or can be a symptom of a heart attack. Ex. F 83:24-84:3.

46. Defendant M. Addison also testified that she did not remember Plaintiff William Dukes and did not remember him telling her about his prior heart attack or telling her that he needed to take his medication. Ex. F 82:5-17; 83:1-4; 110:13-16.

47. Defendant M. Addison also noted that she did not remember the January 11, 2016, incident but did not believe it would have taken 35 minutes for dispensary staff to bring medication because it was right around the corner. Ex. F 91:9-17.

48. On November 10, 2022, Plaintiff William Dukes was re-arrested on charges of alleged physical and sexual assault against a young woman. He is presently a pretrial detainee. CWBChicago, *#47: North Side man attacked, sexually assaulted, threatened to kill woman while he was on felony bail, prosecutors say*, CWBChicago (Nov. 11, 2022, 6:54 PM), https://cwbchicago.com/2022/11/47-north-side-man-attacked-sexually-assaulted-threatened-to-kill-woman-while-he-was-on-felony-bail-prosecutors-say.html; CWBChicago, *Chicago man suing for a wrongful murder conviction is charged with attempted murder*, CWBChicago (Nov. 14, 2022, 11:26 PM), https://cwbchicago.com/2022/11/chicago-man-suing-for-a-wrongful-murder-conviction-is-charged-with-attempted-murder.html.

Dated: June 15, 2023

Respectfully Submitted,

By: */s/ Jason E. DeVore*
Jason E. DeVore, One of the
Attorneys for Defendants

**DEVORE RADUNSKY LLC**
Jason E. DeVore (ARDC # 6242782)
Troy S. Radunsky (ARDC # 6269281)
Zachary G. Stillman (ARDC # 6342749)
230 W. Monroe Street, Ste. 230
Chicago, IL 60606
(312) 300-4479 telephone

7

jdevore@devoreradunsky.com
zstillman@devoreradunsky.com

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that **Defendants' FRCP 56 Motion for Summary Judgment, Memorandum of Law in Support, and LR 56.1 Statement of Undisputed Material Facts** were filed on June 15, 2023, with the Northern District of Illinois ECF System, serving a copy to all parties.

*/s/ Zachary Stillman*
Zachary Stillman